UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RUSTY A. BEELER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-00356-TWP-CSW |
| | ) | |
| DONALD EMERSON, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER GRANTING MOTION TO DISMISS PETITION
AND DENYING A CERTIFICATE OF APPEALABILITY**

Rusty Allen Beeler, a prisoner incarcerated at the Indiana Department of Correction, Plainfield Correctional Facility, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. Dkt. 1. Mr. Beeler challenges the constitutionality of his convictions entered under a plea agreement in Vigo Superior Court cause number 84D01-2001-F2-000188. *Id.* The Court does not reach the merits of Mr. Beeler's constitutional claims because the Court **grants** the respondent's motion to dismiss the petition as untimely, (Dkt. 15); **denies** Mr. Beeler's outstanding motions, (Dkts. 16, 22, 33, 37, 38, 40, 46, and 48); **dismisses** the petition with prejudice; and **denies** a certificate of appealability.

### I.   Background

On the night of January 9, 2020, Mr. Beeler was found unresponsive in a vehicle and taken to a hospital in Vigo County, Indiana. Dkt. 8-1 at 4–5. Narcotics and other contraband were found on his person and in his vehicle. *Id.* On October 8, 2020, Mr. Beeler, while represented by counsel, pleaded guilty to, among other things, unlawful possession of a firearm by a serious violent felon. Dkt. 15-1 at 11–13. Mr. Beeler was sentenced to 20 years, including 14 years imprisonment and six years suspended to formal probation. *Id.*

Mr. Beeler did not appeal his conviction and sentence. *Id.* at 13–14. Mr. Beeler instead filed in state court four motions to modify his sentence within the first year following his sentence. Dkts. 15-1 at 14–17; 15-2. Each of those motions was denied and Mr. Beeler did not appeal. *Id.*

On August 30, 2022, Mr. Beeler filed a state post-conviction relief petition. Dkt. 15-5 at 1. On December 14, 2023, that petition was denied. *Id.* at 7. Mr. Beeler did not appeal. *Id.* at 7–8. Instead, he filed several motions for reconsideration and to correct errors, and those motions were denied. *Id.* at 7–13. Mr. Beeler did not appeal those denials. *Id.*

On January 15, 2025, Mr. Beeler sought to file a successive state petition for post-conviction relief; however, on February 7, 2025, the Indiana Court of Appeals denied the request stating, "Petitioner has failed to establish a reasonable possibility that Petitioner is entitled to post-conviction relief," and declined to authorize the filing of a successive petition. Dkts. 15-6; 15-7.

In February of 2025, Mr. Beeler filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Dkt. 1. The State moved to dismiss the petition as untimely and procedurally defaulted. Dkt. 15. Mr. Beeler filed multiple responses to the motion to dismiss and additional motions including for leave to amend the petition, Dkt. [16] and [48], for summary judgment, Dkt. [22], to dismiss based on a complete procedural bar, Dkt. [33], for default judgment, Dkt. [37], to dismiss state conviction, Dkt. [38], and for case status, Dkts. [40] and [46].

## II.   Motions to Amend Petition

Mr. Beeler filed two motions to amend the petition. Dkts. 16; 17; 48. The respondent did not oppose the first motion to amend the petition and did not address the first motion to amend in its reply in support of the motion to dismiss the petition. Dkt. 20.

Despite Mr. Beeler's more detailed factual allegations in his proposed amended petitions, the motions to amend are futile as the amended petitions do not change the calculus that Mr.

Beeler's petition is untimely. A district court need not allow the filing of an amended petition if the proposed amended petition is deficient and would not survive a motion to dismiss. *See Johnson v. Dossey*, 515 F.3d 778, 780 (7th Cir. 2008); *See also discussion infra* at section III. Therefore, Mr. Beeler's motions to amend his petition, Dkts. [16] and [48], are **denied** as futile.

### III. Statute of Limitations

The Anti-Terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254, governs applications for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court, and § 2244(d) imposes a 1-year statute of limitation for filing such petitions:

> 1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> 2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*See also Gladney v. Pollard*, 799 F.3d 889, 894 (7th Cir. 2015) ("Under 28 U.S.C. § 2244(d)(1)(A), a state prisoner seeking federal habeas relief has just one year after his conviction becomes final in state court to file his federal petition.").

Mr. Beeler's state judgment was entered on October 8, 2020. Dkt. 15-1 at 11–13. He did not file an appeal from the judgment by the November 9, 2020, deadline. *See* Ind. R. App. P. 9(A)(1) ("A party initiates an appeal by filing a Notice of Appeal . . . within thirty (30) days after the entry of a Final Judgment is noted in the Chronological Case Summary."). Mr. Beeler's state-court judgment was thus final on November 9, 2020, and his limitations period for filing a federal petition started on November 10, 2020. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding a judgment becomes final "[w]hen the time for pursuing direct review in [the Supreme] Court, or in state court, expires.").

Mr. Beeler's federal habeas petition was constructively filed on February 16, 2025. Dkt. 1 at 2. *See, e.g., Houston v. Lack*, 487 U.S. 266 (1988) ("Habeas corpus petitioner filed notice of appeal from denial of motion for habeas corpus within requisite 30-day period when, three days prior to deadline, petitioner delivered notice to prison authorities for forwarding to district court.").

Because Mr. Beeler's one-year statute of limitation for filing his federal petition commenced on November 10, 2020, and he did not file his federal petition until more than four years later, on February 16, 2025, AEDPA's one-year statute of limitations bars Mr. Beeler's § 2254 petition unless a tolling exception allows him to avoid the statute of limitations or he is entitled to a later commencement of the limitations period under 28 U.S.C. § 2244(d)(1)(B)-(C).

### A. Statutory Tolling

The one-year limitation period for filing a federal habeas petition under 28 U.S.C. § 2254 is tolled while a "properly filed" application for State post-conviction or "other collateral review"

4

with respect to the pertinent judgment or claim is pending. *See Day v. McDonough*, 547 U.S. 198, 201 (2006) (quoting 28 U.S.C. § 2244(d)(2)). The Supreme Court has held a motion to reduce a sentence that is "properly filed" by a state prisoner in accordance with state law, and which is not part of a direct review process and requires a reexamination of the prisoner's sentence to determine whether it is appropriate, qualifies as "collateral review," that tolls the one-year statute of limitations. *See Wall v. Kholi*, 562 U.S. 545, 547–48, 560 (2011).

Ind. Code § 35-38-1-17 provides for sentencing modification of "violent criminals," which includes those, like Mr. Beeler, who have been convicted of unlawful possession of a firearm by a serious violent felon:

> (d) As used in this section, "violent criminal" means a person convicted of any of the following offenses:
>
> . . . .
>
>> (14) Unlawful possession of a firearm by a serious violent felon (IC 35-47-4-5).
>
> . . . .
>
> (e) At any time after:
>
>> (1) a convicted person begins serving the person's sentence; and
>>
>> (2) the court obtains a report from the department of correction concerning the convicted person's conduct while imprisoned;
>
> the court may reduce or suspend the sentence and impose a sentence that the court was authorized to impose at the time of sentencing. However, if the convicted person was sentenced under the terms of a plea agreement, the court may not, without the consent of the prosecuting attorney, reduce or suspend the sentence and impose a sentence not authorized by the plea agreement.
>
> . . . .
>
> (k) This subsection applies to a convicted person who is a violent criminal. A convicted person who is a violent criminal may, not later than three hundred sixty-five (365) days from the date of sentencing, file one (1) petition for sentence modification under this section without the consent of the prosecuting attorney. After the elapse of the three hundred sixty-five (365) day period, a violent criminal

5

>     may not file a petition for sentence modification without the consent of the prosecuting attorney.
>
>     . . . .

Ind. Code § 35-38-1-17, *as enacted*, P.L.45-2018, SEC.2, eff. July 1, 2018.

Mr. Beeler filed his first motion for sentencing modification on December 15, 2020. Dkt. 15-1 at 14. Mr. Beeler's first motion for sentencing modification tolled his limitation period for filing his federal habeas petition for three days starting on December 15, 2020, until the motion was denied on December 17, 2020. Dkt. 15-1 at 14. *See also* 28 U.S.C. § 2244(d)(2).

Mr. Beeler's limitation period continued tolling for an additional 30 days during the time to appeal the denial of the motion for sentencing (December 18, 2020, to January 16, 2021). *See Merkel v. State*, 160 N.E.3d 1139, 1141 (Ind. Ct. App. 2020) ("A trial court's decision regarding a petition for a modification of a sentence is reviewed for an abuse of discretion."). *See also Evans v. Chavis*, 546 U.S. 189, 191 (2006) (explaining that AEDPA's one-year limitations period is tolled for the period during which an application for state post-conviction review is pending, which includes the time between a lower court's adverse determination and the prisoner's filing of a timely notice of appeal). However, because January 16, 2021, was a Saturday, and it appears that Monday, January 18, 2021, was a state-court holiday (Martin Luther King, Jr. Day), Mr. Beeler's appeal from the denial of his first motion for sentencing modification was due on Tuesday, January 19, 2021. *See* Fed. R. Civ. P. 6(a); Ind. R. App. P. 9(A)(1); Ind. R. App. P. 25. Accordingly, the federal limitations period was tolled from December 15, 2020, to January 19, 2021. As such, Mr. Beeler used 35 of his 365-day limitation period, and, absent additional tolling, he had until December 15, 2021, to file a federal petition.

As set forth above, Ind. Code § 35-38-1-17(k) authorized Mr. Beeler to file only one motion to modify his sentence during the 365-day period following his sentencing. *See Merkel*, 160 N.E.3d

at 1141. Mr. Beeler's three additional motions to modify his sentence filed on December 28, 2020, September 17, 2021, and September 21, 2021, were filed within the 365-day period following his October 9, 2020, sentencing hearing. Dkt. 15-1 at 14–15. Those motions to modify his sentence were not "properly filed" under state law and did not toll the statute of limitation for filing his federal petition. *See Wall*, 562 U.S. 545.

Mr. Beeler's federal petition is untimely even assuming the additional three motions for sentencing modification tolled the limitations period. The second motion for sentencing modification was filed on December 28, 2020, and denied the next day. Dkt. 15-1 at 14. Tolling for those two days plus the 30-day period for appealing the denial of that motion leads to a toll end date of January 28, 2021. The second motion for sentencing modification would have extended tolling from January 19, 2021, to January 28, 2021—a gain of 9 days. The third motion for sentencing modification was filed on September 17, 2021, and denied on September 20, 2021. Dkt. 15-1 at 15. Tolling for those four days plus a 30-day period for appealing the denial of that motion results in a toll end date of October 20, 2021—a gain of 34 days. The fourth motion for sentencing modification, filed on September 21, 2021, was denied on October 4, 2021. Dkt. 15-1 at 15. Tolling for those 13 days plus 30 days for appealing the denial, leads to a toll end date of November 3, 2021—a gain of an additional 14 days because the tolling period overlapped with the tolling period for the third motion. The total number of days the additional motions would have arguendo tolled the limitation period for filing the federal petition is thus 54 days. Even assuming that, due to additional tolling caused by the three additional motions for sentencing modification, the deadline to file the federal petition was February 8, 2021—and not December 15, 2020— the deadline to file a federal petition was years before Mr. Beeler filed his federal petition in 2025. Hence, his petition is untimely.

Although a state post-conviction petition usually tolls the limitations period for filing a federal petition, Mr. Beeler's initial state post-conviction petition, filed on August 30, 2022, was filed many months after the expiration of his deadline to file a federal petition. Thus, his state post-conviction petition did not toll the limitations period.

Mr. Beeler has additionally failed to establish a basis for his entitlement to a delayed commencement of the limitations period under 28 U.S.C. § 2244(d)(1)(B)-(D) that would explain why his § 2254 petition should be deemed timely. He has not established the Supreme Court recognized a right and made that new right retroactively applicable to his case on collateral review (§ 2244(d)(1)(C)), or that the factual predicate for his claims could not have been discovered previously through the exercise of due diligence (§ 2244(d)(1)(D)). And, as explained below, Mr. Beeler has not shown State action prevented his filing a timely federal petition (§ 2244(d)(1)(B)).

Because Mr. Beeler has failed to establish his post-conviction state court motions and petition tolled the AEDPA one-year limitations period for filing a federal petition by February 16, 2025, absent equitable tolling, this Court may not consider claims raised in the federal petition.

### B. Equitable Tolling

"Equitable tolling—a court's decision to toll some period of time to allow a petitioner to overcome an otherwise breached limitations period—is an exceptional remedy available to a habeas petitioner who shows: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Taylor v. Michael*, 724 F.3d 806, 810 (7th Cir. 2013) (quoting *Holland v. Fla.*, 560 U.S. 631, 649 (2010)). The diligence requirement for equitable tolling "covers those affairs within the litigant's control; the extraordinary-circumstances prong, by contrast, is meant to cover matters outside its control." *Menominee Indian Tribe of Wisconsin v. United States*, 577 U.S. 250, 257 (2016). The

extraordinary circumstances test "is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond [his] control." *Id.* at 256–57 (emphasis in original). Equitable tolling is available only if the prisoner satisfies both elements of this two-part test. *See id.*, at 256–57. The burden of establishing grounds that warrant equitable tolling rests with the prisoner. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

When evaluating whether a petitioner is entitled to equitable tolling, "[i]t does not matter that one could look at each of the circumstances encountered by [the petitioner] in isolation and decide that none by itself required equitable tolling," rather, a court must evaluate the entire hand that the petitioner was dealt, including all of the circumstances and their cumulative effect. *See Socha v. Boughton*, 763 F.3d 674, 686 (7th Cir. 2014) (finding tolling warranted when petitioner was denied access to his legal file until only 40 days remained on the limitations period, and even then, could not bring legal materials from the library to his cell and had only 80 minutes in the library every two weeks, with two computers for 250 inmates). *See also Mayberry v. Dittmann*, 904 F.3d 525, 530 (7th Cir. 2018) ("we must consider 'the entire hand' he was dealt and consider all of the circumstances he faced 'and the cumulative effect of those circumstances' to determine whether they were sufficiently extraordinary to prevent him from timely filing his petition.") (quoting *Socha*, 763 F.3d at 686).

### 1. Diligence

"The diligence required for equitable tolling purposes is 'reasonable diligence,' not maximum feasible diligence." *Holland*, 560 U.S. at 653 (internal quotation marks and citation omitted). But the movant must show "reasonable effort *throughout* the limitations period." *Mayberry*, 904 F.3d at 531 (emphasis added). A petitioner's burden to establish qualification for

equitable tolling cannot be satisfied with "mere conclusory allegations of diligence"; the petitioner must instead offer "specific evidence." *Id.* at 531–32.

Mr. Beeler has not provided specific evidence establishing he was diligent insofar as pursuing his federal claims and timely filing his federal petition. The record shows Mr. Beeler filed several motions in state court during the Covid-19 years, i.e., 2020, 2021, and 2022. Dkt. 15-1 at 14–16. However, he has not offered a specific nonconclusory explanation why he was unable to file his federal petition within the limitation period even though he was able to file state motions. Considering all the circumstances and the cumulative effect of them, Mr. Beeler fails to meet his burden to demonstrate he acted with reasonable diligence to timely file his federal petition such that he could qualify for equitable tolling.

### 2. Extraordinary Circumstances

Mr. Beeler claims prison conditions, including illness of other inmates, and prison lockdowns, during the Covid-19 pandemic, particularly November 7, 2020, to February 20, 2021, although he is not sure of the precise dates, thwarted his ability to pursue his rights. Dkt. 21 at 1–2. As explained, the state record establishes Mr. Beeler submitted state filings during the Covid-19 years 2020-2022, including December 15, 2020, December 28, 2020, September 17, 2021, and September 21, 2021. Dkt. 15-1 at 14–16. Based on the circumstances and their cumulative impact, Mr. Beeler has not demonstrated the State's actions prevented him from timely filing a federal habeas petition by December 15, 2021.

Mr. Beeler claims he is entitled to tolling due to his ignorance or unfamiliarity with the deadline. Dkt. 21 at 2. A petitioner's lack of knowledge of governing legal rules may justify the invocation of statutory and equitable tolling, if "[t]he State's creation or maintenance of an impediment to a petitioner's acquiring necessary information can excuse, under extraordinary

10

circumstances, legal ignorance that results from that impediment." *Famous v. Fuchs*, 38 F.4th 625, 631 (7th Cir. 2022) (citing *Estremera v. United States*, 724 F.3d 773, 776 (7th Cir. 2013)). Mr. Beeler has not established the State created or maintained an impediment to his acquiring the necessary information to meet the AEDPA deadline that constitutes an extraordinary circumstance. As discussed, Mr. Beeler filed several state documents during the relevant time. He fails to establish the COVID-19 restrictions prevented him from acquiring necessary information to submit a timely federal petition.

Mr. Beeler claims he is entitled to equitable tolling because the state violated its own statute, Ind. Code § 35-33-7-2(a) when it denied him an initial appearance in court within 72 hours of his arrest. Dkt. 21 at 2. Such State action could not qualify as an extraordinary circumstance that justifies tolling the AEDPA limitations period as such actions did not prevent Mr. Beeler from timely filing his federal petition.

Mr. Beeler contends he is entitled to equitable tolling because his counsel wrongfully advised him. Dkt. 21 at 3. Mr. Beeler does not claim counsel wrongfully advised him about the deadline to file his federal petition or the timing and procedure for exhausting his state court remedies; rather, he complains trial counsel was ineffective during the proceedings leading up to and including the entry of the guilty pleas and sentencing. Dkts. 1 at 4; 16 at 1–4. Mr. Beeler's claim that counsel wrongfully advised him, does not establish an extraordinary circumstance—such as abandonment—that would toll the federal limitations period. *See, e.g., Maples v. Thomas*, 565 U.S. 266 (2012) (holding post-conviction counsel's abandonment excused procedural default).

For the reasons stated above, the Court **grants** the respondent's motion to dismiss the petition, Dkt. [15], on the grounds that Mr. Beeler's petition is untimely, and need not consider the alternative claim that Mr. Beeler's claims are procedurally defaulted. Mr. Beeler's § 2254 petition

is **dismissed with prejudice** as untimely as he has not met his burden to show he is entitled to statutory or equitable tolling.

### IV. Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 580 U.S. 100, 115 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where, as here, a petitioner's claims are resolved on procedural grounds, a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claims and whether the procedural ruling is correct. *See Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Applying these standards, the Court finds reasonable jurists would not dispute that Mr. Beeler's petition is untimely. The Court therefore denies a certificate of appealability.

### V. Conclusion

Mr. Beeler's motions to amend the petition, Dkts. [16] and [48], are **DENIED** as futile.

Mr. Beeler's motions for summary judgment, Dkt. [22], to dismiss based on a complete procedural bar, Dkt. [33], for default judgment, Dkt. [37], to dismiss state conviction, Dkt. [38], and for case status, Dkts. [40] and [46], are **DENIED** as moot.

Respondent's Motion to Dismiss, Dkt. [15], is **GRANTED**. Petitioner Rusty Allen Beeler's petition [1] is **DISMISSED** with prejudice as untimely. Final judgment shall now issue.

**IT IS SO ORDERED.**

Date: 12/31/2025

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

12

Distribution:

RUSTY A. BEELER
208518
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Sierra A. Murray
INDIANA ATTORNEY GENERAL
sierra.murray@atg.in.gov